IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FORD OXAAL                                    )<br>                                               )<br>        Plaintiff,                            )<br>                                               )<br>            v.                                )<br>                                               )<br>INTERACTIVE PICTURES                           )<br>CORPORATION; EASTMAN KODAK                     )<br>COMPANY; NIKON, INC.; AND                      )<br>CENDANT CORPORATION                            )<br>                                               )<br>        Defendants.                            )<br>_____)  | Civil Action No. 99-CV-0802 (LEK/DRH) |

### ANSWER AND COUNTERCLAIMS OF DEFENDANT
### INTERACTIVE PICTURES CORPORATION

Defendant, Interactive Pictures Corporation ("IPIX") hereby answers Plaintiff Ford Oxaal's Complaint as follows:

1.   Admits the allegations of paragraph 1 of the Complaint.

2.   Admits only that jurisdiction for the patent infringement claim is founded on 28 U.S.C. §§ 1331 and 1338(a) and denies all other allegations of paragraph 2 of the Complaint.

3.   Admits only that Mr. Oxaal is an individual. IPIX lacks sufficient knowledge or information to form a belief as to the remaining allegations of the first sentence of paragraph 3 of the Complaint and on that basis denies same. All other allegations of paragraph 3 of the Complaint are denied.

4.   Admits the allegations of paragraph 4 of the Complaint.

1

5. IPIX lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 5 of the Complaint and on that basis denies same.

6. IPIX lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 6 of the Complaint and on that basis denies same.

7. IPIX lacks sufficient knowledge or information to form a belief as to the allegations of paragraph 7 of the Complaint and on that basis denies same.

8. IPIX denies each and every allegation of paragraph 8 of the Complaint.

9. IPIX admits only that it is doing business in the State of New York. IPIX denies that it has caused tortious injury to Mr. Oxaal. As to each and every other allegation of paragraph 9 of the Complaint, IPIX lacks sufficient knowledge or information to form a belief and on that basis denies same.

10. IPIX denies each and every allegation of paragraph 10 of the Complaint.

11. IPIX denies each and every allegation of paragraph 11 of the Complaint.

12. IPIX admits only that U.S. Patent No. 5,903,782 indicates on its face a filing date of November 14, 1996 and an issuance date of May 11, 199. IPIX denies each and every other allegation of paragraph 12 of the Complaint.

13. IPIX repeats its responses to the allegations of paragraphs 1 through 12 of the Complaint.

14. IPIX denies each and every allegation of paragraph 14 of the Complaint.

15. IPIX denies each and every allegation of paragraph 15 of the Complaint.

16. IPIX denies each and every allegation of paragraph 16 of the Complaint.

17. IPIX denies each and every allegation of paragraph 17 of the Complaint.

18. IPIX denies each and every allegation of paragraph 18 of the Complaint.

19. IPIX denies each and every allegation of paragraph 19 of the Complaint.

20. IPIX denies each and every allegation of paragraph 20 of the Complaint.

21. IPIX denies each and every allegation of paragraph 21 of the Complaint.

22. IPIX denies each and every allegation of paragraph 22 of the Complaint.

Further answering the Complaint, and as affirmative defenses to the matters set forth therein, IPIX asserts the following:

### First Affirmative Defense

23. Plaintiff, Ford Oxaal, fails to state a claim for which relief may be granted.

### Second Affirmative Defense

24. Plaintiff's claims for damages and/or other relief are barred, in whole or in part, by the doctrine of equitable estoppel.

### Third Affirmative Defense

25. Plaintiff's claims for damages and/or other relief are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

26. IPIX has not infringed any claim of the '782 patent, either directly or as a Contributory or inducing infringer.

### Fifth Affirmative Defense

27. The claims of the '782 patent, as properly construed and interpreted in light of

the prior art, its prosecution history and otherwise, are invalid for failure to comply with the requirements for patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Sixth Affirmative Defense

28. The '782 patent is void and unenforceable by reason of applicant's inequitable conduct during prosecution before the U.S. Patent and Trademark Office ("PTO"). On information and belief, during prosecution of the applications for the '782 patent, the named inventor and/or others substantially involved in the prosecution of the '782 patent failed to disclose to the PTO information, including at least information obtained from employees of IPIX (known at the time as either TRI or Omniview) regarding the subject matter disclosed and/or claimed in the '782 patent, known to refute and/or to be inconsistent with a position taken in opposing an argument of unpatentability relied on by the PTO and/or an argument advanced to support patentability. The failure to disclose this information could only have occurred through bad faith or intentional misconduct.

### Seventh Affirmative Defense

29. By reason of the proceedings in the PTO during the prosecution of the applications for the '782 patent, including, but not limited to the admissions, representations and/or other statements made by the named inventor and/or his attorneys, Plaintiff is estopped to assert a construction of any claim of the '782 patent that would encompass literally or under the doctrine of equivalents any method practiced by IPIX, in connection with any products supplied by IPIX, or which IPIX has actively induced another to practice.

### Additional Defenses

30. IPIX reserves the right to assert additional defenses which may be disclosed during discovery in this action.

### COUNTERCLAIMS

IPIX, for its counterclaims against Plaintiff, alleges the following:

31. Defendant and Counterclaimant, INTERACTIVE PICTURES CORPORATION ("IPIX") is a Tennessee corporation having its principal place of business at 1009 Commerce Park Drive, Oak Ridge, Tennessee 37830.

32. Plaintiff and Counterdefendant, FORD OXAAL ("Mr. Oxaal"), alleges that he is an individual residing in the State of New York at 212 Third Street, Troy, New York 12190.

33. This Court has jurisdiction over the parties and the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202 and the United States patent laws, 35 U.S.C. § 1, et seq. Venue is proper in the Northern District of New York since the original action was filed in that division and district by Mr. Oxaal.

### Count I

### (Declaratory Judgment)

34. On information and belief, on or about May 11, 1999, the '782 patent was issued with Ford Oxaal as the named inventor.

35. Mr. Oxaal asserts ownership of the '782 patent, including the right to sue and recover damages for past and future infringement.

36. Mr. Oxaal has charged IPIX in this action with infringement of the '782 patent.

5

37. An actual and substantial justiciable controversy exists between IPIX and Mr. Oxaal as to the validity and enforceability of the '782 patent, and as to whether IPIX infringes any valid claim of the '782 patent.

38. IPIX repeats and realleges the allegation set forth in paragraphs 23-30 as if fully set forth herein.

39. IPIX is entitled to a declaration that the '782 patent is void, invalid, unenforceable and/or not infringed by IPIX.

## Count II
### (Intentional Interference With Contractual And Prospective Business Relations)

40. IPIX repeats the allegations of paragraphs 31-33 of this Answer as if fully set forth herein.

41. For more than a year before Mr. Oxaal brought this action, IPIX has developed strategic business alliance relationships with each of defendants Eastman Kodak Company, Nikon, Inc., and Cendant Corporation.

42. For more than a year before Plaintiff brought this action, IPIX has been preparing for an initial public offering of its common stock (the IPO).

43. The preparations for the IPO are well known to Plaintiff. Counsel for Plaintiff Dan Sleasman admitted this knowledge before Magistrate Homer in this Court on or about April 15, 1999 in defense of a motion to stay proceedings in another matter between the parties.

44. The IPO, announced May 21, 1999 has been publicly posted on the web site www.edgar-online.com since approximately May 25, 1999, prior to service of Plaintiff's

Complaint upon IPIX in this action. The IPO describes the business relationships that IPIX has with defendants Eastman Kodak Company, Nikon, Inc. and Cendant Corporation. An amended S-1, referencing the present action, has been publicly available since July 14, 1999, and has been posted on the www.edgar-online.com web site since July 16, 1999.

45. Defendant Eastman Kodak Company manufactures digital cameras used with camera kits including fisheye lens adapters sold by IPIX. Eastman Kodak's digital cameras are staple articles of commerce and have substantial non-infringing uses. Eastman Kodak's digital cameras are new and in great demand among American consumers. Upon information and belief, Eastman Kodak Company does not manufacture fisheye lens or fisheye lens adapters for its digital cameras. Nor does Eastman Kodak Company provide instructions for capturing back to back images in accordance with the '782 patent. This information is known to Plaintiff.

46. Defendant Nikon, Inc. manufactures digital cameras and fisheye lens adapters used with camera kits sold by IPIX. Upon information and belief, Nikon, Inc. has been manufacturing fisheye lenses since at least the 1960's, well before the filing date of the '782 patent. Nikon, Inc.'s digital cameras and fisheye lens adapters are staple articles of commerce and have substantial non-infringing uses. Nikon, Inc.'s digital cameras are new and in great demand and short supply among American consumers. Nikon, Inc. does not provide instructions for capturing back to back images in accordance with the '782 patent. This information is known to Plaintiff.

47. If any of IPIX's strategic relationships are disrupted and/or terminated, this will negatively impact the implementation of IPIX's business plans. Because, for example, this

information is spelled out in the IPO, this information is well known to Plaintiff.

48.    Upon information and belief, Defendant Cendant Corporation is a real estate holding corporation.  IPIX has entered into an agreement with Cendant Corporation and is the preferred provider of immersive imaging to Cendant's real estate subsidiaries.  Cendant Corporation utilizes independent Realtors for listing and promoting its real property holdings.  Cendant Corporation is not in the business of manufacturing camera products nor would it have any occasion to instruct its employees to capture back to back images in accordance with the '782 patent.  This information, being contained within the IPO, is well known to Plaintiff.

49.    The present Complaint charges each of defendants Eastman Kodak Company, Nikon, Inc., and Cendant Corporation with patent infringement, charges which are objectively baseless (a "sham").  On information and belief, these defendants have not yet been served with the Complaint.  However, according to a letter from counsel for Plaintiff, Mr. Louis Mastriani, to Thomas Jackson dated July 14, 1999, Mr. Mastriani plans to proceed with service shortly.

50.    Plaintiff and his counsel, Mr. Louis Mastriani, according to this same letter, are taking "appropriate action" in regard to a perceived concern over IPIX's amended IPO, alleging "material misrepresentations" in describing the present lawsuit.

51.    Plaintiff has no reasonable expectation of succeeding on the merits of proving any case of infringement against any one of defendants Eastman Kodak Company, Nikon, Inc. and Cendant Corporation.  Plaintiff has announced his intention to proceed with service against these defendants for the purpose of disrupting the business relationships extant between IPIX and each of defendants Eastman Kodak Company, Nikon, Inc., and Cendant Corporation.

52. Plaintiff has announced his intention to proceed with service against defendants, Eastman Kodak, Nikon, Inc., and Cendant Corporation. This action is being taken with the purpose of intimidating these defendants into terminating business relations and asking IPIX to delete their names or any mention of a business relationship in the IPO. Such a result could have a direct adverse impact on the price that Defendant IPIX will obtain for its common stock.

53. In furtherance of Plaintiff's objectives, Mr. Oxaal is wilfully and intentionally interfering with IPIX's business relationships with defendants Eastman Kodak Company, Nikon Inc., and Cendant Corporation. As a result thereof, it is projected that IPIX will suffer monetary damages in excess of ten million dollars ($10,000,000) from disruption in long-established business relationships and loss in stock value due to the present sham lawsuit against defendants Eastman Kodak Company, Nikon, Inc., and Cendant Corporation.

## PRAYER FOR RELIEF

WHEREFORE, IPIX prays for judgment in its favor and against Plaintiff providing that:

A. The Complaint be dismissed in its entirety with prejudice and that Plaintiff, Ford Oxaal, take nothing therefrom;

B. The Court adjudge, declare and decree that the claims of '782 patent are void, invalid, unenforceable and/or not infringed by IPIX;

C. Ford Oxaal be held liable for tortious interference with contractual and prospective business relations for damages which have already been or will be suffered by Defendant IPIX in excess of ten million dollars;

D. Ford Oxaal, his agents and attorneys, and those persons in active concert or

9

participation with any of them be permanently enjoined from engaging in further acts of tortious interference with contractual or prospective business relations;

E.   IPIX be awarded compensatory and punitive damages to be assessed against Plaintiff, Ford Oxaal;

F.   IPIX be awarded its reasonable attorneys' fees and the costs of this action pursuant to 35 U.S.C. § 285; and

G.   IPIX be awarded such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Pursuant to Fed. R. Civ. P. 38(b), trial by jury is requested for all issues triable of right to a jury, including all counterclaims.

DATED:   July 20, 1999

    DeGRAFF, FOY, HOLT-HARRIS & KUNZ, LLP

    By: _____
    Christopher Massaroni, Esq.
    Assigned Bar:  102127
    Attorneys for Defendant, IPIX
    90 State Street
    Albany, New York 12207
    (518) 462-5300

    BANNER & WITCOFF, LTD.
    Attorneys for Defendant, IPIX
    1001 G Street, N.W.
    Washington, DC 20001

TO:    HARRIS, BEACH AND WILCOX, LLP
        Attorneys for Plaintiff
        20 Corporate Woods Boulevard
        Albany, NY 12211

        ADDUCI, MASTRIANI & SCHAUMBERG, LLP
        Attorneys for Plaintiff
        1200 Seventeen Street, N.W.
        Washington, DC 20036

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FORD OXAAL,

                               Plaintiffs,

      -against-

INTERACTVIEW PICTURES CORPORATION;
EASTMAN KODAK COMPANY; NIKON, INC.; AND
CENDANT CORPORATION,

                              Defendants.

**AFFIDAVIT OF SERVICE BY MAIL**

99-CV-0802
(LEK/DRH)

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF ALBANY     )

      Lynne M. D'Ippoliti, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in the State of New York. That on the 20th day of July, 1999, deponent served the Answer and Counterclaims of Defendant, Interactive Pictures Corporation upon:

      HARRIS, BEACH AND WILCOX, LLP
      Attorneys for Plaintiffs
      20 Corporate Woods Boulevard
      Albany, NY 12211

      ADDUCI, MASTRIANI & SCHAUMBERG, LLP
      Attorneys for Plaintiffs
      Fifth Floor
      1200 Seventeen Street, N.W.
      Washington, DC 20036

at the address designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                  Lynne M. D'Ippoliti

Sworn to before me this
20th day of July, 1999

_____
   Notary Public

CAROLYN S. THOMPSON
Notary Public, State of New York
Qualified in Albany County
Commission Expires Oct 1, 20__